IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-21060

Summary Calendar
_____

DANA NEIL LOCKE,

Plaintiff-Appellant,

H RAY TERRY et al.,

versus

Defendant-Appellee.


_____

Appeal from the United States District Court
For the Southern District of Texas
CA-H-94-199
_____

June 17, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.
PER CURIAM:[*]

This is a prisoner's suit under 42 U.S.C. s 1983. The district court dismissed the case as frivolous after a Spears hearing. We affirm.

Plaintiff Locke is former cabaret security guard. In the course of his employment, he arrested unruly patrons on a regular basis. He alleges that his former employment places him in danger of attack from other inmates.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

According to his complaint, Locke was assaulted while in Dallas County Jail because of his former employment. He was subsequently moved into the TDCJ-ID. Initially, he was classified and released into general population, despite his repeated requests for placement in adseg for his protection. After two or three reclassification hearings, each of which resulted in placement in general population, he suffered a nervous breakdown and attempted suicide on several occasions. Eventually, he was reclassified into the Safekeeping Program. The Safekeeping Program is for inmates who for some reason, such as sexual orientation or lack of physical strength, are unable to be housed safely in general population.

Since then, plaintiff alleges that his fear of coming into contact with other inmates who might recognize him, recall or discover the nature of his former employment, and assault him is so great that he has refused to work in any capacity that requires him to interact with other prisoners. Because he refuses to work, prison officials as punishment have kept him in his cell almost 24 hours per day, allowing him to leave only once a day to shower. In addition, Locke's refusal to work prevents him from accruing good time credits, being eligible for parole, and enjoying privileges of any kind.

Locke sought damages and an injunction requiring officials to place him in adseg and allow him to work, accrue good time credits, be eligible for parole, and enjoy privileges. Before this court, he seeks a reversal of the 1215(d) dismissal below on the merits

2

and on the ground that the district court denied him due process by failing to allow him to call witnesses on his own behalf or to cross-examine the defendants' witnesses.

We affirm. Locke concedes that <u>Farmer v. Brennan</u>, 114 S. Ct. 1970 (1994), requires him to show that the defendants' actions were taken with subjective deliberate indifference. Even if Locke proved the allegations in his complaint, no reasonable finder of fact could conclude that the defendants have acted with subjective deliberate indifference. The defendants have held at least three hearings on his prison classification, illustrating that they are aware of Locke's difficulties and are taking some action. Locke wholly fails to explain why the Safekeeping Program is inadequate to protect him from the risk of harm from other inmates. This failure is telling, given that the very purpose of the Safekeeping Program is to protect those inmates that are for some reason in danger of assault in general population. No rational trier of fact could conclude that the response of placing him in Safekeeping, even if negligent, illustrates a deliberately indifferent state of mind.

Locke's other claims fail as well. He has no constitutional right to an opportunity to accrue good time credits, become eligible for parole, or enjoy privileges. His procedural due process claim fails because he did not object below or request the opportunity to cross-examine defendants' "witness."

AFFIRMED.

3